F I L E D
United States Court of Appeals
Tenth Circuit

DEC 7 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL MITCHELL,

      Petitioner - Appellant,

v.

DAVID R. McKUNE, Warden,
Lansing Correctional Facility, and
ATTORNEY GENERAL OF
KANSAS,

      Respondents - Appellees.

No. 04-3316
(D.C. No. 01-CV-3215-JAR)
(D. Kansas)

**ORDER DENYING A CERTIFICATE
OF APPEALABILITY**

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Michael Mitchell, a state prisoner proceeding pro se, requests a certificate

of appealability ("COA") to appeal the district court's denial of his 28 U.S.C.

§ 2254 habeas petition. We **DENY** a COA and **DISMISS**.

After a trial in Kansas state court, a jury convicted Mitchell of first-degree

felony murder pursuant to Kan. Stat. Ann. § 21-3401(b) and felony possession of

cocaine under Kan. Stat. Ann. § 65-4161. Mitchell exhausted state remedies and

on May 23, 2001 filed a § 2254 petition in the court below alleging ineffective

assistance of trial counsel. His petition having been denied, Mitchell now appeals and argues that his trial counsel was ineffective by: (1) effectively conceding an element of the felony-murder charge; (2) failing to call a particular witness; and (3) declining to make an opening statement.[1]

"[W]hen reviewing the merits of a claim already decided by the state courts, we are bound to deny relief," LaFevers v. Gibson, 182 F.3d 705, 711 (10th Cir. 1999), unless we conclude that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Kansas's first-degree felony murder statute provides: "Murder in the first degree is the killing of a human being committed in the commission of, attempt to commit, or flight from an inherently dangerous felony . . . ." Kan. Stat. Ann. § 21-3401(b). Mitchell alleges that his counsel rendered ineffective assistance as to the felony murder charge when she conceded that Mitchell committed an

_____

[1] Mitchell's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). Accordingly, Mitchell may not appeal the district court's decision absent a grant of COA by this court.

inherently dangerous felony by selling cocaine to Donald Beebe, the murder victim. The state court rejected Mitchell's ineffective assistance argument because there was overwhelming evidence that Mitchell attempted to sell cocaine to the victim, and therefore Mitchell failed to demonstrate prejudice under Strickland v. Washington, 466 U.S. 668 (1984). As characterized by the state court, defense counsel's theory at trial was as follows:

> "Barbara Williams and Nathaniel Hill inflicted Beebe's injuries. Williams and Hill arranged the cocaine transaction between Mitchell and Beebe and were outside Beebe's truck during the incident in question. Mitchell's attorney suggested that after Mitchell left the scene, Williams and Hill entered the truck and shot Beebe so they could steal his wallet and cocaine."

Liberally construing Mitchell's petition, he argues that the court should have presumed prejudice under United States v. Cronic, 466 U.S. 648, 659 (1984) (courts must presume prejudice when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"). In Bell v. Cone, the Supreme Court emphasized: "When we spoke in Cronic of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that the attorney's failure must be complete. We said 'if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing.'" 535 U.S. 685, 696-97 (2002) (emphasis in original). By subjecting the government's witnesses to cross-examination and presenting a defense that would

3

permit the jury to acquit Mitchell of murder, Mitchell's counsel did not entirely fail to test the prosecution's case. Therefore, the state court did not unreasonably apply Strickland or Cronic by declining to presume prejudice.

In his second argument, Mitchell claims that his trial counsel rendered ineffective assistance by failing to call as a witness Donald Moss, whose testimony would have purportedly contradicted some of Williams' and Hill's testimony. Although noting that "there is nothing in the record, other than speculation by Mitchell's attorney at the 60-1507 [state habeas] hearing, as to the substance of Moss'[s] alleged testimony," the state court nonetheless analyzed Mitchell's claim under Strickland and concluded that Moss's testimony would not likely have changed the verdict. Therefore, the court concluded, Mitchell again failed to demonstrate prejudice. The state court's determination did not constitute an unreasonable application of Strickland  In his application for COA, Mitchell includes an affidavit from Moss detailing what Moss's testimony allegedly would have been at trial. This affidavit was not properly before the state court, and in any event its substance does not alter our conclusion that the state court appropriately applied Strickland's prejudice prong.

Finally, Mitchell argues that, "when coupled with other deficiencies," trial counsel's failure to give an opening statement constituted ineffective assistance. The district court concluded that defense counsel's waiver of an opening

4

statement is a strategic decision and does not constitute deficient performance. Mitchell has not demonstrated "that reasonable jurists could debate whether (or, for that matter, agree that)," <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quotation omitted), his counsel's decision to forgo an opening statement, together with counsel declining to call Donald Moss and counsel presenting the defense that she did, constitutes ineffective assistance.

We **DENY** a COA and **DISMISS**.

ENTERED FOR THE COURT

Carlos F. Lucero

Circuit Judge

5